**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**MACK HACKETT, #76930**                                                       **PLAINTIFF**

**VERSUS**                                                               **CIVIL ACTION NO. 5:06cv98DCB-MTP**

**OFFICER WELLS, LEON PERRY,**
**T. LINDSEY, SHIRLEY MCDONALD AND**
**INVESTIGATOR JONES**                                           **DEFENDANTS**

**MEMORANDUM OPINION**

This cause is before the Court, *sua sponte*, for consideration of dismissal. The Plaintiff, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the Mississippi State Penitentiary, Parchman, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named Defendants are: Unknown Wells, Officer at Wilkinson County Correctional Facility (WCCF); Leon Perry, Chief of Security at WCCF; T. Lindsey, Disciplinary Hearing Officer at WCCF; Shirley McDonald, Captain at WCCF; and Unknown Jones, Disciplinary Investigator at WCCF.[1] The Plaintiff seeks monetary damages and injunctive relief.

Background

The Plaintiff states that on December 28, 2005, he fell, busted his mouth and hit his right eye while exercising in his cell. The Plaintiff asserts that he was taken to the medical department as a result of his injuries. The Plaintiff alleges that when he refused to name an innocent

---

[1] The Plaintiff was ordered to file a written response to specifically state how each named Defendant violated his constitutional rights. The Plaintiff filed his response [12,15], wherein he voluntarily dismissed Nurse Sue Buckhalt as a defendant. On this same date, the Plaintiff also filed a second motion to amend [16]. This motion [16] is granted to the extent that the Court will consider the allegations set forth in the pleading. The Plaintiff's motions for production of documents [11, 14] and for issuance of summonses and service of his complaint [18] are denied.

offender of assaulting him, Defendants McDonald and Perry ordered Defendant Wells to write the Plaintiff a rule violation report (RVR) for self-mutilation.[2]  The Plaintiff complains that Defendant Jones, as the disciplinary investigator, refused to obtain a witness statement from Defendant Wells.  *Resp*. [15] at 6.  The plaintiff states that Defendant Lindsey found him guilty of this "false report" at a disciplinary hearing.  *Compl*. [1] at 4.  The plaintiff maintains that as punishment for this finding of guilt he was demoted in classification and required to pay the fee for his medical visit.[3]

The Plaintiff argues that MDOC policy and his constitutional rights were violated because the Defendants, acting in a conspiracy, retaliated against him by issuing and finding him guilty of this false RVR.  The Plaintiff further claims that the Defendants' actions subjected him to cruel and unusual punishment, mental abuse and violated his due process rights.  *Mot. Am.* [16] at 3.  The Plaintiff pursued his complaints by filing a grievance in the prison administrative remedy program (ARP), to no avail.   As relief, the Plaintiff requests that this RVR be expunged from his record, his classification level restored and he wants to be reimbursed for the money he spent paying for his medical visit.  *Compl.* [1] at 4;  *Mot. Am.* [16] at 2.  The Plaintiff also seeks an award of monetary damages in the amount of $5,000.00, per Defendant.  *Compl*.  [1] at 4.

---

[2]In the Plaintiff's original complaint [1] he alleges that Defendant McDonald ordered the false report written, however, in his  response [15], he alleges that Defendant Perry ordered the false report written.

[3]Although the Plaintiff alleges that part of his "punishment" for this RVR was payment of his medical expenses, under Mississippi Code Annotated § 47-5-179, an inmate is responsible for paying the expenses of non-emergency medical care, treatment and medicine and MDOC is authorized to deduct the payment for these expenses from an inmates' account.  The medical treatment the Plaintiff received was for his injuries, regardless of the alleged cause of these injuries.  The Plaintiff does not assert that the cause of his injuries affected the characterization of the injuries as non-emergency or emergency, nor does the Court find this feasible.

Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoners proceeding *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case. As discussed below, this case will be dismissed for Plaintiff's failure to state a claim on which relief may be granted.

In order to state a cognizable complaint pursuant to 42 U.S.C. § 1983, the Plaintiff must allege that the Defendants deprived him of a right secured to the plaintiff by the Constitution or the laws of the United States. *See Baker v. McCollan*, 443 U.S. 137, 140, 99 S. Ct. 2689, 2692, 61 L. Ed. 2d 433 (1979). It is clear that the Plaintiff does not have a constitutional right to receive a certain custodial classification while incarcerated. *Meacham v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995)(a prison inmate does not have a protectable liberty interest in his custodial classification). The classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir.1990)(citations omitted).

To invoke the protections of the Due Process Clause, the Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 32

3

L.Ed. 2d 418 (1995). The classification of the Plaintiff in a certain level of custody is not an "atypical and significant hardship" of prison life. The United States Court of Appeals for the Fifth Circuit applying *Sandin* has held that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996)(quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995). The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest). As such, the Court finds that Plaintiff has failed to state a viable Due Process claim.

Furthermore, the Plaintiff is not entitled to relief based on the Defendants' alleged failure to follow department policy and procedure.[4] The law is clear "that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996); *Giovanni v. Lynn*, 48 F.3d 908, 912 (5th Cir.1995); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994).

To the extent the Plaintiff is asserting that his custodial classification is cruel and unusual punishment, his claim falls short of being a constitutional violation. To assert a valid claim under the Eighth Amendment's prohibition against cruel and unusual

---

[4] An inmate's allegation of factual innocence is not actionable under §1983 if his disciplinary proceeding was otherwise fair and adequate. *Collins v. King*, 743 F.2d 248, 254 (5th Cir.1984).

punishment, the inmate must suffer punishment that rises to the level of an "'unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)).  The Court finds that a reduction in the Plaintiff's custodial classification level is not an "unnecessary and wanton infliction of pain."  Furthermore, since a prisoner may not bring a claim for damages based on mental or emotional injuries suffered while in custody, absent a prior showing of physical injury, the Plaintiff's claims of mental abuse also fail.  *Herman v. Holiday*, 238 F.3d 660 (5th Cir. 2001).  In sum, the Plaintiff has failed to assert a cognizable claim that his rights have been violated under the Eighth Amendment.

Moreover, the Plaintiff's mere conclusory allegations that the Defendants acted in a conspiracy to retaliate against him are not cognizable.  *See McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989)(conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983); *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)(inmate must allege more than his personal belief that he is the victim of retaliation).  A required element of both conspiracy and retaliation claims is the deprivation of a specific constitutional right.[5]  As discussed above, the Plaintiff has failed to state a claim

---

[5]To allege a claim of conspiracy to deprive one of his constitutional rights, a plaintiff must allege, (1) a conspiracy involving 2 or more persons;  (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy;  (4) which causes injury to a person or property, or deprivation of any right or privilege of a citizen of the United States.  *Hilliard v. Ferguson*, 30 F.3d  649 (5th Cir.1994).  To state a valid claim for retaliation under § 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right;  (3) a retaliatory adverse act, and (4) causation.  *Morris v. Powell*, 449 F.3d 682, 685-86 (5th Cir.2006), *petition for cert. filed* (Sep. 18, 2006) (No. 06-6798).

for deprivation of his constitutional rights, hence, he has failed to state a claim of a conspiracy to deprive him of a constitutional right in retaliation for exercising a constitutional right. *Morris v. Powell*, 449 F.3d 682, 685-86 (5th Cir.2006), *petition for cert. filed* (Sep. 18, 2006) (No. 06-6798)(prisoner must allege more than a *de minimis* retaliatory act to establish a constitutional violation).

## Conclusion

For the reasons set forth in this Memorandum Opinion, the Court finds that the Plaintiff's complaint should be dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with prejudice.  A Final Judgment in accordance with this Memorandum Opinion will be entered on this date.

Since this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), it will be counted as a "strike."  If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

SO ORDERED this the 16th day of January, 2007.

    S/DAVID BRAMLETTE
    UNITED STATES DISTRICT JUDGE